UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE M. VEGA,

    Petitioner,

v.                                       Case No. 6:07-cv-1964-Orl-35GJK

SECRETARY, DEPARTMENT OF
  CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 12) to the petition for writ of habeas corpus. Petitioner filed a reply (Doc. No. 13) and an amended reply (Doc. No. 15) to the response.

### *I.*    *Procedural History*

Petitioner was charged by information with three counts of lewd or lascivious battery (counts one through three). Petitioner entered into a plea agreement in which, among other matters, Petitioner agreed to enter a plea of guilty to count one of the information. The trial court held a hearing on the plea and ultimately accepted it. On May 17, 2004, the trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of ten years. Petitioner did not file a direct appeal.

On March 22, 2005, Petitioner filed motion for postconviction relief pursuant to

Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] which was denied without prejudice on July 19, 2005, because it lacked the proper oath. Petitioner did not appeal the denial.

On July 27, 2005, Petitioner filed a second Rule 3.850 motion with the state trial court but then filed a motion to voluntarily dismiss his Rule 3.850 motion on February 13, 2006. On February 24, 2006, the trial court granted the request to dismiss and dismissed the second Rule 3.850 motion without prejudice. Petitioner did not appeal the dismissal.

On April 18, 2006, Petitioner filed a third Rule 3.850 motion with the state trial court, which was denied on February 6, 2007. The state appellate court affirmed the denial *per curiam* on October 9, 2007. Mandate was issued on October 26, 2007. The Supreme Court of Florida dismissed Petitioner's request for review on November 8, 2007.

## II.   *Petitioner's Habeas Petition is Untimely*

### A.   *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Although the motion was actually filed with the trial court on March 25, 2005, under the "mailbox rule," the motion would be deemed filed on March 22, 2005, the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B. Discussion of Petitioner's Case

In the present case, Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered. See Fla. R. App. P. 9.110(b). Since the judgment of conviction was entered on May 17, 2004, the time for seeking a direct appeal expired on June 16, 2004. Petitioner then had until June 16, 2005, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's federal habeas petition was filed on December 6, 2007, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his first Rule 3.850 motion on March 22, 2005, 279 days of the one-year period had run. However, Petitioner's first Rule 3.850 motion was dismissed without prejudice because it lacked a proper oath.

A Rule 3.850 motion must be under oath, containing either the first or second oath

3

set forth at the end of Rule 3.987. The first oath is required for a notarized oath, and the second oath is for an unnotarized oath. An unnotarized oath is to state as follows: "Under penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true."

Petitioner's first Rule 3.850 motion included an unnotarized oath, but it was not in the form set forth in, and did not fully comply with, Rule 3.987. Consequently, the trial court dismissed it without prejudice because it lacked a proper oath. Petitioner did not appeal this specific finding. Accordingly, Petitioner's first Rule 3.850 motion was not properly filed because it did not contain the oath required by Florida law. *See Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000) ("Because [petitioner's] state post-conviction motion was not properly filed according to the state court's application of the written oath requirement, the one-year statute of limitations under the AEDPA is not tolled.").[2] As such, Petitioner's first Rule 3.850 motion did not toll the one-year period, which expired on June 16, 2005, and the instant petition is untimely.

The Court notes that Petitioner's other state proceedings were not initiated until after the one-year limitation expired, and therefore, could not serve to toll the one-year limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus filed by Jose M. Vega is **DENIED**, and

---

[2]The Court notes that Petitioner's second Rule 3.850 motion, which he voluntarily dismissed, did not cure the oath deficiency, and it did not relate back to the original filing.

4

this case is **DISMISSED WITH PREJUDICE**.

  2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

  **DONE AND ORDERED** in Orlando, Florida, this 8th day of May 2009.

*[Signature]*
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 5/8
Counsel of Record
Jose M. Vega